SAMUEL W. CRAWFORD, Appellant, v. CORWIN H. SPENCER et al., D. R. FRANCIS AND BROTHER, Respondents.

**St. Louis Court of Appeals, April 29, 1890.**

Appeals: RETRIAL OF CAUSE. The decision of the supreme court, or of this court, on the appeal of a cause, furnishes the law of the cause, if it is remanded and retried.

*Appeal from the Jefferson Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Dinning & Byrns,* for appellant.

*Judson & Reyburn,* for respondents.

THOMPSON, J.—This is the same case which was before the supreme court on a former appeal, and which is reported in 92 Mo. 498. It was before this court on a

Crawford v. Spencer.

second appeal, and is reported in 36 Mo. App. 78.   It is now before us on a third appeal, and we are glad that the evidence is in such a state that we are able to end the litigation.   It does not seem necessary to restate the case, further than to take it up where we left it off on the last previous appeal.   Recurring to our opinion ( 36 Mo. App. 86 ), it is seen that we regarded the evidence on that appeal as unsatisfactory, in that it failed to give an intelligent explanation of what became of the other notes which were left with D. R. Francis & Brother by Harlow, Spencer & Co., together with this note, in the transaction of February 21.   That explanation has now been fully given, and from it it appears that three of those notes were delivered back by D. R. Francis & Brother to Harlow, Spencer & Co., because they could not be collected.   An effort was made on the part of the plaintiff to prove that one of these notes, that of a party named Ditch, since deceased, *might* have been collected at the time when it was redelivered by D. R. Francis & Brother to Harlow, Spencer & Co.; but this attempt was not successful.

The difficulty, which we had in dealing with the evidence on the former appeal, was to determine whether the notes which were delivered by Harlow, Spencer & Co. to D. R. Francis & Brother, on the ninth or tenth of February, in payment, as the supreme court on the previous appeal had found from the evidence, had been *redelivered* by D. R. Francis & Brother to Harlow, Spencer & Co., in the transaction of February 21, in such a sense as to reinvest Harlow, Spencer & Co. with the right of absolute disposition.   We held that, if such were the fact, a retransfer of the notes by Harlow, Spencer & Co. to D. R. Francis & Brother, as pledgees, taking place on the last-named date, and hence after the maturity of the note in controversy, fixed their title to it as holders of it subject to any defense which would have been good as against Harlow, Spencer & Co.   We

also said : " If, on the other hand, the arrangement between the parties was such that the holding and control of the note by D. R. Francis & Brother were never discontinued, but the character of the holding simply was changed by the second transaction, that is to say, if, from the date of the first delivery to them of said note, they never parted with the control thereof or some title therein, then their equities are governed by the date of the first transfer." 36 Mo. App. 87, 88.

It now appears from the evidence of Mr. Spencer, who was a member of the firm of Harlow, Spencer & Co., and of Mr. Sidney R. Francis, who was a member of the firm of D. R. Francis & Brother, and who chiefly had charge of the settlement between that firm and Harlow, Spencer & Co., that the note in controversy and the other notes which were delivered by Harlow, Spencer & Co. to D. R. Francis & Brother, in payment on the ninth or tenth of February, as before stated, were never redelivered by D. R. Francis & Brother to Harlow, Spencer & Co. on the twenty-first of February, or at any other date, except as already stated above in respect of three of them which could not be collected; and that no interest in the note in controversy ever reinvested in Harlow, Spencer & Co. after its first delivery by them to D. R. Francis & Brother. It also appeared, from a detailed statement exhibited with the deposition of Sidney R. Francis, and testified by him to be true, that there was, at the date of the trial, due the firm of D. R. Francis & Brother by Harlow, Spencer & Co. the sum of twelve hundred and eighty dollars and twenty-two cents, for which indebtedness they held the note in controversy as collateral security.

The circuit court found the facts accordingly, and entered a decree perpetually enjoining and restraining the defendants D. R. Francis & Brother from collecting the said five-thousand-dollar note of the plaintiff, with interest thereon, except twelve hundred and eighty dollars and twenty-two cents thereof; and ordering that,

if the plaintiff should pay to D. R. Francis & Brother the said sum of twelve hundred and eighty dollars and twenty-two cents, with interest thereon at the rate of eight per cent. per annum, on or before the first day of January, 1890, then this injunction should apply to the whole of said note and interest; but that, if he should fail to pay them said sum within the time specified, then they might proceed to collect the same with interest at the rate of eight per cent. per annum, either by a sale of the land under the deed of trust mentioned in the petition, or by other legal methods. The decree further awarded costs to the defendants, D. R. Francis & Brother.

It is seen, from the foregoing statement, that there is nothing to review on this appeal. There is no question here as to the weight of evidence. The learned judge of the circuit court made a detailed finding of fact, and it was the only finding which could have been made consistently with the evidence in the record. The decision of the supreme court on the first appeal, and of this court on the second appeal, constitute the law of the case; and it thus appears that the case has been finally disposed of in accordance with the law. The judgment is accordingly affirmed. All the judges concur.